THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE CORTEZ, Defendant-Appellant.

Second District   No. 2—85—0348

Opinion filed June 3, 1986.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (William L. Browers and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Joe Cortez, was tried *in absentia* in a jury trial and was found guilty of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3). Following a sentencing hearing where defendant was present, he was sentenced to a 5-year term of imprisonment.

The single issue raised on appeal is whether defendant's inculpatory statements were involuntary and improperly admitted into evidence because they were induced by a false police claim that footprints found in a burgled house had been identified as defendant's.

Defendant filed a pretrial motion and an amended motion to suppress statements made by him alleging that he did not knowingly waive his constitutional rights and that the statements were obtained as a result of physical and psychological coercion by police officers. At a hearing on the motions, Elgin police officers Bill Soulier and Henry Smith testified that at the police station following defendant's arrest Officer Smith advised defendant of the *Miranda* warnings which defendant understood and waived. Soulier was not present during further questioning of the defendant. Officer Henry Smith testified that defendant initiated the conversation about the burglary and gave an oral statement to him about two burglaries. He then called Detective Ufland, and defendant talked with them. They did not threaten or promise defendant anything. Detective Ufland also testified that defendant was not threatened, physically abused, or promised anything. Defendant testified that he was grabbed and pushed when arrested and grabbed and pulled out of the squad car at the police station. He was read his *Miranda* rights. He was told his friends were blaming him for the burglaries and he would be better off to talk. He denied the burglaries and was told "its a coincidence that we found foot prints of yours" and "we might just take your tennis shoes." He told them he did not want to talk with the detectives. He admitted that he was not threatened with physical harm or promised anything. Officer Brad Entler testified he was present at the police station in

the booking area while defendant was being questioned. He heard the *Miranda* rights read to defendant and testified no threats or promises were made to defendant. The motion to suppress was denied.

Defendant's first trial ended in a hung jury. A second trial was held, and evidence was adduced that two residences on Hill Street in Elgin were burglarized. The police arrived in response to a call and located defendant and several others in the vicinity who matched the description given by a neighbor who had observed the group running from the driveway of one of the burglarized houses. Some of the coins and jewelry taken were found on two of the young men stopped by police, but none were found on defendant. Officer Smith and Entler admitted at trial that Smith falsely told defendant that footprints were found in one of the burglarized houses. It was after that statement that defendant, who had previously admitted being with the other boys who went into the house but denied going in with them, said he had been inside the first home and was the lookout for the second burglary. No evidence was presented by the defendant.

It is defendant's contention that Officer Smith's false statement concerning footprints found in one of the burglarized houses tricked him into making incriminating statements. Consequently, he argues, those statements are involuntary and inadmissible into evidence. He further maintains that under the totality of the circumstances, particularly considering the false statement and that he was only 17 years old and had just completed the 10th grade, his inculpatory statements are involuntary.

When determining whether a statement has been voluntarily given, the court looks to the "totality of the circumstances," and deception by the police is but one factor to consider when making a determination of voluntariness. (*People v. Martin* (1984), 102 Ill. 2d 412, 426-27; see also *People v. Kashney* (1986), 111 Ill. 2d 454, 466-67; 1 W. LaFave & J. Israel, Criminal Procedure sec. 6.2, at 446-47 (1984).) Other factors to be considered include the age, education and intelligence of the accused, the duration of the questioning, and whether he received his constitutional rights or was subjected to any physical punishment. (*People v. Martin* (1984), 102 Ill. 2d 412, 427.) Here, defendant was advised of his *Miranda* rights, and the interrogation was not lengthy. Defendant further testified he was not threatened with physical harm or promised anything during the questioning by police. In fact, defendant never testified that he made any incriminating statement after the false statement by Officer Smith. The record does not reveal that defendant's age or educational level affected his ability to understand his rights and make a voluntary statement.

Defendant relies principally on *People v. Payton* (1984), 122 Ill. App. 3d 1030, and *People v. Lee* (1984), 128 Ill. App. 3d 774. However, *Payton* was decided before our supreme court's controlling decision in *People v. Martin* (1984), 102 Ill. 2d 412, and the appellate court's reasoning in *Lee*, relied on by defendant, was disagreed with in the appeal of that case *sub nom. (People v. Kashney* (1986), 111 Ill. 2d 454, 467).

The trial court's findings on a motion to suppress a confession based on involuntariness will not be disturbed unless they are against the manifest weight of the evidence. *(People v. Martin* (1984), 102 Ill. 2d 412, 426.) On the record before us, we find no indication that defendant's will was overborne such that any inculpatory statements were involuntary. The judgment is affirmed.

Affirmed.

LINDBERG and STROUSE, JJ., concur.